UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARYL A SANDERS,

    Plaintiff,

v.                                                      Case No. 3:21cv4766-MCR-HTC

FLORIDA DEPARTMENT OF CORRECTIONS,
JUDGE STASIA WARREN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Petitioner Daryl Sanders, a prisoner proceeding *pro se*, initiated this civil rights action with a handwritten document entitled "Petition for Writ of Mandamus Motion to Invoke 42 U.S.C. § 1983". ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2. Upon consideration, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE because Petitioner is a three-striker under 28 U.S.C. § 1915(g), who did not pay the Court's filing fee and has not shown he is under imminent danger of serious physical injury.

## I.   BACKGROUND

Plaintiff, a prisoner at Okaloosa CI, requests "that this court overturn the ruling of Judge Warren in case no: 2021-32379 FMCI" and also seeks compensatory damages based on Judge Warren allegedly holding a hearing without Petitioner having an opportunity to attend. ECF Doc. 1 at 1. Specifically, he claims that Judge Warren issued a court summons to Plaintiff to appear via telephone conference call on November 17, 2021, knowing that Plaintiff was incarcerated and would not be able to attend. *Id.* Okaloosa CI was also given notice of the summons, but on the day of the hearing, Petitioner "was never provided the telephone and there was no call from Judge Stasia Warren courtroom that day." *Id.* Plaintiff argues that this is a violation of his "Fourteenth Amendment Due Process Cause and Access to the courts [and] Sections 19 and 20 of the Criminal Code of the Constitution." *Id.* at 2. In addition to an order overturning the state court's order,[1] he seeks "compensatory damages against the Respondents for pain and suffering, and mental and emotional distress." *Id.*

---

[1] The Court does not have the authority to overturn a state court's order. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1986). *See also Carter v. Killingsworth*, No. 12-15411, 2013 WL 4766871, at *2 (11th Cir. Sept.6, 2013) (unpublished) ("The *Rooker-Feldman* doctrine bars federal district courts from reviewing state court decisions" and "applies when the losing party in state court files suit in federal court after the state proceedings end, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.") (internal citations, quotations, and alterations omitted).

Case No. 3:21cv4766-MCR-HTC

At the time he filed suit, Petitioner failed to pay the filing fee or file a motion to proceed *in forma pauperis*, in violation of by Local Rule 5.3 ("A party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915."). As discussed below, however, Plaintiff would not be eligible to proceed *in forma pauperis* anyway, since he is a three-striker under 28 U.S.C. § 1915(g).

**II.   PLAINTIFF'S MANDAMUS ACTION IS SUBJECT TO THE THREE-STRIKES RULE IN 28 U.S.C. § 1915(g)**

"Petitions for mandamus qualify as 'civil actions' for purposes of 28 U.S.C. § 1915(g)." *Fedd v. Georgia*, 2019 WL 6700204, at *1 (M.D. Ga. Dec. 9, 2019) (citing *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("Allowing prisoners to continue filing actions as they had before the enactment of the [PLRA], merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" (second alteration in original)); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996) ("[I]f a prisoner, contemplating the filing of a complaint ... under 42 U.S.C. § 1983, decided to avoid liability for filing fees and instead sought comparable relief by applying for a writ of mandamus directed to a prison official, the PLRA provisions should normally apply.").

Here, Plaintiff acknowledges in his title that he is attempting to seek § 1983 relief via a petition for writ of mandamus, in the precise manner decried by the Ninth

and Second Circuits above. Therefore, the requirements of the three-strikes provision in 28 U.S.C. § 1915(g) apply to this action.

Indeed, Senior District Judge Lacey Collier recently dismissed a similar "Petition for Writ of Mandamus Motion for Civil Suit of Monetary Damages" *albeit* based on different facts, because of Petitioner's 3-strike status. *See Saunders v. FDOC, et. al.,* 3:21-cv-3871-LC-HTC (ECF Doc. 14). Petitioner is, therefore, well aware of his status and the requirement that he pay a filing fee at the time he files the complaint. It appears Petitioner may be attempting to circumvent the prohibitions in 28 U.S.C. § 1915(g), discussed below, by casting his complaint as a "petition." The title Petitioner assigns to his filing, however, does not alter the nature of the complaint.

### III. PLAINTIFF IS A 3-STRIKER AND HIS COMPLAINT DOES NOT ALLEGE AN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY

Under the Prison Litigation Reform Act ("PLRA"), a prisoner seeking to proceed *in forma pauperis* cannot do so if he has filed at least three (3) cases which have been dismissed for failure to state a claim or as frivolous or malicious. Specifically, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

>that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

As stated above, this Court has recently determined Petitioner to be a 3-striker, *Sanders v. Florida Dep't of Corr.,* 3:21-cv-03871-LC-HTC (N.D. Fla. 2021). Thus, for Petitioner to proceed *in forma pauperis* he must show he is under imminent danger of serious physical injury -- a showing, however, he cannot meet. *See* 28 U.S.C. § 1915(g).

The imminent danger exception is construed narrowly and is available only "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff cannot rely on past conduct to establish imminent danger. Instead, Plaintiff must

demonstrate he was in imminent danger of serious physical injury *at the time he initiated this proceeding*. *See Medberry v. Butler,* 185 F.3d 1189 (11th Cir. 1999) (holding that, to fall within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court).

Plaintiff has failed to make that showing here.  As set forth above, Plaintiff's complaint is based solely on his inability to attend a court hearing; he does not allege any physical injury at all, in the past or in the future.  Plaintiff, therefore, is not entitled to proceed *in forma pauperis* under the imminent danger exception to § 1915(g) and this action should be dismissed on the ground that Plaintiff did not pay the full filing fee at the time he initiated this action.  *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's abuse of the judicial process and because he is a three-striker under 28 U.S.C. § 1915(g).

2. The clerk be directed to close this file.

At Pensacola, Florida, this 12th day of January, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv4766-MCR-HTC